```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


SANFORD WILLIAMS, JR., and    :
JAMES WILLIAMS,               :
                              :   Civil Action No. 09-2103 (AET)
            Plaintiffs,       :
                              :
      v.                      :   MEMORANDUM OPINION
                              :
POLICE OFFICER SEAN P. HEBBON,:
et al.,                       :
                              :
            Defendants.       :
```

**APPEARANCES**:

Plaintiffs <u>pro</u> <u>se</u>
Sanford Williams, Jr.
James Williams
Somerset County Jail
P.O. Box 3000
Somerville, NJ 08876


**THOMPSON**, District Judge

Plaintiffs Sanford Williams, Jr., and James Williams, pre-trial detainees confined at Somerset County Jail in Somerville, New Jersey, seek to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.[1] More specifically, Plaintiffs assert that they were arrested based upon a deliberately falsified criminal complaint and that the prosecutor has proceeded to present the case to the grand jury, despite his knowledge that the arrest was based on a falsified criminal complaint.

---

[1] Plaintiffs submitted one joint Application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, which both have signed.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted their complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  The Court notes that Plaintiff Sanford Williams, Jr., has incurred at least two such strikes.  See Williams v. Connellan, Civil Action No. 99-4062 (D.N.J.); Williams v. Goins, Civil Action No. 00-6139 (D.N.J.).  The Court notes that Plaintiff James Williams has incurred at least one such strike. See Williams v. Connellan, Civil Action No. 99-4062 (D.N.J.).

In this action, Plaintiffs failed to submit a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  Specifically, Plaintiffs failed to submit certified copies of their institutional account statements for the previous six-month period.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

The allegations of the Complaint do not suggest that Plaintiffs are in imminent danger of serious physical injury.  Accordingly, the joint application for leave to proceed <u>in forma pauperis</u> will be denied.

In addition, Rule 20 governs permissive joinder of parties and provides, in pertinent part, that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of tr4ansactions or occurrences and if any question of law or fact common to all these persons will arise in the action."

Two Circuit Courts of Appeals have analyzed the interrelationship of § 1915 and Rule 20.  In <u>Hubbard v. Haley</u>, 262 F.3d 1194 (11th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1136 (2002), the Court of Appeals for the Eleventh Circuit concluded that the language of § 1915(b)(1), that "the prisoner shall be

required to pay the full amount of a filing fee," requires each prisoner to bring a separate suit and, to the extent that statutory language actually conflicts with Rule 20, the statute repeals the rule.

The Court of Appeals for the Seventh Circuit, however, found no irreconcilable conflict between § 1915(b)(1) and Rule 20 and held that district courts must accept complaints filed by multiple prisoners if the criteria of permissive joinder are satisfied. Boriboune v. Berge, 391 F.3d 852 (7th Cir. 2004). Nevertheless, the Seventh Circuit held that each prisoner joining in a multiple-prisoner civil action must pay the full filing fee in order to comply with the clear language of § 1915(b)(1) and to satisfy the financial incentive of the statute to deter frivolous prisoner actions. 391 F.3d at 855-56.

Whether or not there is an inherent conflict between § 1915(b) and Rule 20, at least two district courts have found that the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20. See Wasko v. Allen County Jail, 2006 WL 978956 (N.D.Ind. 2006); Swenson v. MacDonald, 2006 WL 240233 (D. Mont. 2006). Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison

5

authorities to permit them to gather to discuss the joint litigation.  These two district courts have also noted that jail populations are notably transitory, making joint litigation difficult.  A final consideration for the District Court for the District of Montana was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."  Swenson, 2006 WL 240233, *4.

This Court finds the reasoning of these district courts persuasive.  Prisoners are not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult.

In addition, Plaintiffs here have asserted claims that require individualized screening pursuant to 28 U.S.C. § 1915(e)(2).  Specifically, Plaintiffs here assert that they were arrested and detained without probable cause and that the prosecutor is proceeding to present the case to the grand jury despite his knowledge that there was not probable cause for the arrest.  The question of probable cause for arrest must be evaluated separately with respect to each arrestee.

Joinder of Plaintiffs' claims, however, would permit both Plaintiffs to avoid the risk of a "strike" under § 1915(g) if even one Plaintiff states a claim, because § 1915(g) imposes a strike only if the entire action is dismissed.  For all of the foregoing reasons, joinder is not appropriate.

Rule 21 provides that "[p]arties may be dropped [from a case] ... on such terms as are just." It would not be just merely to dismiss all but the lead Plaintiff, Sanford Williams, Jr., from this case. Instead, this Court will direct the Clerk to open a separate case for Plaintiff James Williams. Because neither of the Plaintiffs has satisfied the filing fee requirement, by pre-paying the filing fee or by submitting a complete application for leave to proceed in forma pauperis, both this case and the new separate case for Plaintiff James Williams will be administratively terminated. Each of the Plaintiffs will be granted leave to file an amended complaint asserting his individual claims.

Nothing in this Opinion should be construed as precluding Plaintiffs from cooperating to the extent that they are able or as preventing consolidation of these cases for discovery or trial if that becomes appropriate at a later date.

## CONCLUSION

For the reasons set forth above, Plaintiffs' joint application for leave to proceed in forma pauperis will be denied without prejudice, each Plaintiff will be granted leave to proceed with his claims in an individual action, and the Clerk of the Court will be ordered to administratively terminate both this action and the new separate action for Plaintiff James Williams, without filing the complaint or assessing a filing fee.

Plaintiffs will be granted leave to move to re-open within 30 days.² An appropriate Order will be entered.

                                         s/ Anne E. Thompson
                                         Anne E. Thompson
                                         United States District Judge

Dated: 5/7/09

---

² Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).