<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SANFORD WILLIAMS, JR.,                    :
                                         :    Civil Action No. 09-2103 (AET)
                    Plaintiff,           :
                                         :
          v.                             :    **OPINION**
                                         :
POLICE OFFICER SEAN P. HEBBON,:
et al.,                                  :
                                         :
                    Defendants.          :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Sanford Williams, Jr.
Kintock 3
50 Fenwick Street
Newark, NJ  07114

**THOMPSON,** District Judge

     Plaintiff Sanford Williams, Jr., a prisoner confined at

Kintock 3, in Newark, New Jersey,[1] seeks to bring this action <u>in</u>

<u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations

of his constitutional rights.  Based on his affidavit of

indigence and the absence of three qualifying dismissals within

28 U.S.C. §1915(g), the Court will grant Plaintiff's application

_____

     [1] Plaintiff's most recent filing with this Court reflects a
return address of Talbot Hall, 100-140 Lincoln Highway, Kearny,
New Jersey, 07032.  In light of the history of inaccurate
addresses for this Plaintiff, the Clerk of the Court will be
directed to serve this Opinion and accompanying Order at both
addresses.

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Supplemental Amended Complaint.

At this time, the Court must review the Supplemental Amended Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Supplemental Amended Complaint[2] [13] and are accepted as true for purposes of this review.

Plaintiff alleges that Defendant Mr. Robert Siewert, an employee of the Video Corporation of America, and the complainant, gave false information to law enforcement officials about an alleged crime at the Video Corporation of America on April 5, 2009.  Plaintiff characterizes Mr. Siewert's actions as an "obstruction of justice."

_____

[2] This matter was originally presented as a complaint by Plaintiff and a co-plaintiff James Williams.  By Opinion and Order entered May 8, 2009, this Court administratively terminated this action, severed the co-plaintiff's claims, and granted Plaintiff leave to move to re-open this action by, among other things, submitting an amended complaint asserting only his individual claims.  Plaintiff duly submitted a "Supplemental Amended Complaint," which is the operative opening pleading that will be screened.

2

Plaintiff alleges that he was arrested in Somerset, New Jersey, by Franklin Township Police Officer Vincent Wilson on April 6, 2009, on the following disorderly person offenses: "Criminal Mischief," "Trespassing," and "Possession of a Burglar Tool." Plaintiff was arraigned on those charges in Franklin Township Municipal Court on April 7, 2009, and bail was set at $7,500.00 cash.

Plaintiff alleges that Defendant Detective Jolanda Lacewell signed a sworn affidavit in the Franklin Township Police Department on April 9, 2009, asserting the following:

> The Complainant advised that upon viewing the business surveillance camera footage, he observed [Plaintiff] and [Plaintiff's] co-defendant (suspects) putting the ladder against the building. [The Complainant Mr. Robert Seiwert] also advised that upon viewing the business surveillance camera footage, he observed [Plaintiff] and [Plaintiff's] co-defendant (suspects) gain entry into the cars in the business parking lot.

Plaintiff alleges that the assertions in the affidavit are false.

Plaintiff alleges that Detective Sean P. Hebbon took charge of the investigation of the case on April 6, 2009, compiling the information and evidence relating to the alleged criminal activity, and forwarded it to the Somerset County prosecutors for review. Plaintiff alleges that Detective Hebbon subsequently filed three additional charges against Plaintiff: "3rd degree Burglary," "3rd degree Attempted Burglary," and "Possession of a Burglary Tool." Plaintiff characterizes these charges as "essentially" the same charges that Police Officer Vincent had

3

initially charged against Plaintiff, arising out of the same alleged criminal activity.[3]   Plaintiff characterizes Detective Hebbon's activities as an obstruction of justice.   He also contends that Detective Hebbon participated or aided the illegal seizure of Plaintiff's automobile without probable cause.

With respect to the second set of charges, Plaintiff alleges that Defendant Detective Kristen Houck of the Somerset County Prosecutor's Office signed the complaint against Plaintiff, under oath, although the should have known that the facts contained therein were not true.   Plaintiff characterizes Detective Houck's activities as an obstruction of justice.

Plaintiff alleges that on April 9, 2009, Plaintiff appeared before the Somerset County Superior Court Judge Reed for arraignment on the second set of charges, which resulted in bail being set on the second set of charges at $50,000.00.

Plaintiff alleges that he notified that Somerset County Prosecutor's Office that a duplicate set of charges had been brought against him for the same conduct.   On May 7, 2009, the Somerset County Prosecutor's Office administratively dismissed one of the three charges in the second set of charges.

---

[3] Plaintiff does not state specifically what charges were brought against him in either jurisdiction, by reference to the New Jersey criminal statutes, nor does he identify which charge was dropped, when, or why.

4

Thereafter, Plaintiff alleges that he was indicted on one of the
two remaining charges in the second set of charges.

Plaintiff alleges that Detective Hebbon also filed a
fabricated or untrue initial screening report and gave law
enforcement officers misleading information that Plaintiff had
committed a crime that he did not, in fact, commit.

Plaintiff alleges that Somerset County Assistant Prosecutor
Thomas J. Chirichella was aware that duplicative criminal
complaints had been filed against Plaintiff.  Plaintiff alleges
that Defendant Chirichella was aware that the two separate
complaints were supported by a sworn affidavit that contained
false or untrue information.  Plaintiff characterizes Defendant
Chirichella's actions as "malicious prosecution."

Plaintiff seeks compensatory and punitive damages.  He also
asks this Court to prosecute the defendants for alleged criminal
behavior.

At the time he submitted the initial complaint, Plaintiff
was confined at Somerset County Jail in Somerville, New Jersey.
Since that time, he has advised the Court of several changes of
address, from which it is apparent that he has moved from
Somerset County Jail into the state prison system.  In addition,
the Court notes that the New Jersey Department of Corrections
Inmate Locator reflects that Plaintiff has entered the New Jersey
State Prison System as the result of his conviction on June 18,

2010, in Somerset County, on one count of Criminal Mischief -
Damage to Property, in violation of N.J.S.A. 2C:17-3a(1) (4th
degree), and one count of Attempted Burglary, in violation of
N.J.S.A. 2C:5-1 (3rd degree).  The offense date for these
offenses was April 5, 2009.  <u>See</u>
https://www6.state.nj.us/DOC_Inmate/details?x=1032137&n=0.  Thus,
it is clear that Plaintiff has been convicted of some of the
charges arising out of the challenged prosecution.

II.   <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

This Court must dismiss, at the earliest practicable time,
certain <u>in forma pauperis</u> and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  <u>See</u> 28
U.S.C. § 1915(e)(2) (<u>in forma pauperis</u> actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a <u>pro se</u> complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United
States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)

(citations omitted).

The Supreme Court has demonstrated the application of these

general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1
> [conspiracy] claim, we hold that stating such a claim
> requires a complaint with enough factual matter (taken
> as true) to suggest that an agreement was made.  Asking
> for plausible grounds to infer an agreement does not
> impose a probability requirement at the pleading stage;
> it simply calls for enough fact to raise a reasonable
> expectation that discovery will reveal evidence of
> illegal agreement.  And, of course, a well-pleaded
> complaint may proceed even if it strikes a savvy judge
> that actual proof of those facts is improbable, and
> "that a recovery is very remote and unlikely." ...  It
> makes sense to say, therefore, that an allegation of
> parallel conduct and a bare assertion of conspiracy
> will not suffice.  Without more, parallel conduct does
> not suggest conspiracy, and a conclusory allegation of
> agreement at some unidentified point does not supply
> facts adequate to show illegality.  Hence, when
> allegations of parallel conduct are set out in order to
> make a § 1 claim, they must be placed in a context that
> raises a suggestion of a preceding agreement, not
> merely parallel conduct that could just as well be
> independent action.
>
> The need at the pleading stage for allegations
> plausibly suggesting (not merely consistent with)
> agreement reflects the threshold requirement of Rule
> 8(a)(2) that the "plain statement" possess enough heft
> to "sho[w] that the pleader is entitled to relief."  A
> statement of parallel conduct, even conduct consciously
> undertaken, needs some setting suggesting the agreement
> necessary to make out a § 1 claim; without that further
> circumstance pointing toward a meeting of the minds, an
> account of a defendant's commercial efforts stays in
> neutral territory. ...

<u>Twombly</u>, 550 U.S. at 556-57 (citations and footnotes omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the <u>Twombly</u> pleading standard applies outside the § 1 antitrust context in which it was decided. <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read <u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking <u>Twombly</u> and the Court's contemporaneous opinion in <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of <u>Twombly</u>, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

<u>Phillips</u>, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of <u>any</u> civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9

statements." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

Although the Court must assume the veracity of the facts asserted

in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation." <u>Id.</u> at 1950.  Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such
> an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d
> at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

> Rule 10(b) of the Federal Rules of Civil Procedure provides:
>
> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ...  If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Rule 18(a) controls the joinder of claims.  In general, "[a] party asserting a claim ... may join as independent or alternative claims, as many claims as it has against an opposing party."

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u>
>> (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  <u>See</u>, <u>e.g.</u>, <u>Pruden v. SCI Camp Hill</u>, 252 Fed.Appx. 436 (3d Cir. 2007); <u>George v. Smith</u>, 507 F.3d 605 (7th Cir. 2007).

In actions involving multiple claims and multiple defendants, Rule 20 operates independently of Rule 18.

> Despite the broad language of rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  If the requirements for joinder of parties have been satisfied, however, Rule 18 may be invoked independently to permit plaintiff to join as many other claims as plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.

7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, <u>Federal Practice and Procedure</u>, § 1655 (3d ed. 2009).

11

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

Pursuant to Rule 21, misjoinder of parties is not a ground for dismissing an action.  Instead, a court faced with a complaint improperly joining parties "may at any time, on just terms, add or drop a party.  The court may also sever any claims against a party."

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of

federal law." <u>Kentucky v. Graham</u>, 473 U.S. 159, 166 (1985)

(internal quotation marks and citations omitted).


IV.   <u>ANALYSIS</u>

A.   <u>Malicious Prosecution</u>

Plaintiff alleges that the actions of the various police and

prosecutor defendants, including allegedly making false

affidavits or filing certain criminal charges, amounted to

"malicious prosecution."

In order to state a <u>prima facie</u> case for a § 1983 claim of

malicious prosecution pursuant to the Fourth Amendment, a

plaintiff must establish the elements of the common law tort as

it has developed over time, <u>Hilfirty v. Shipman</u>, 91 F.3d 573, 579

(3d Cir. 1996), and that there has been a seizure, <u>Gallo v. City

of Philadelphia</u>, 161 F.3d 217, 222 (3d Cir. 1998); <u>Luthe v. Cape

May</u>, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law,

the common law tort elements of a malicious prosecution action

arising out of a criminal prosecution are:  (1) the criminal

action was instituted by the defendant against the plaintiff,

(2) it was actuated by malice, (3) there was an absence of

probable cause for the proceeding, and (4) the criminal

proceeding was terminated favorably to the plaintiff.  <u>Lind v.</u>

Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'"  Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).

Here, Plaintiff has failed to allege facts sufficient to establish that the criminal prosecution was the result of malice, that there was no probable cause for the proceedings against him, or that the proceedings were terminated favorably.  To the contrary, he has alleged that there was surveillance film of the criminal activity as well as some information from a complaining witness.  Plaintiff has not alleged what information was known to the various defendants that should have made them aware that he had not committed the crimes.  Indeed, the fact that Plaintiff now appears to have been convicted of certain of those crimes belies any suggestion that the investigating officers should have known that he did not commit the crimes.  The fact that one of several charges was dropped is not, without more information, sufficient to state a claim that even that single charge was the result of a malicious prosecution.

In addition, "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v.

Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's
appearance in court as an advocate in support of an application
for a search warrant and the presentation of evidence at such a
hearing are protected by absolute immunity.  Burns v. Reed, 500
U.S. 478, 492 (1991).  Similarly, "acts undertaken by a
prosecutor in preparing for the initiation of judicial
proceedings or for trial, and which occur in the course of his
role as an advocate for the State, are entitled to the
protections of absolute immunity."  Buckley v. Fitzsimmons, 509
U.S. 259, 273 (1993).  Here, Plaintiff's allegations against the
prosecutor Mr. Chirichella all arise out of the prosecutor's
activities as an advocate for the state in initiating and
pursuing a criminal prosecution.  Accordingly, the malicious
prosecution claim against Mr. Chirichella will be dismissed with
prejudice.

B.    Seizure, Search, and Impoundment of Plaintiff's Automobile

      Plaintiff alleges that Detective Hebbon "participated" in
the illegal seizure, search, and impoundment of his automobile.
It is not clear whether that seizure, search, and impoundment
were accomplished pursuant to a warrant.

      Challenges to the validity of a search warrant based on
allegations that the accompanying affidavit contains material
false statements are governed by Franks v. Delaware, 438 U.S. 154
(1978).  Where a magistrate has issued a warrant, the supporting

16

affidavit is entitled to a presumption of validity. Id. at 171. The party disputing the veracity of the warrant application can challenge the validity of the warrant by making a substantial preliminary showing that the affiant deliberately or recklessly included in the underlying affidavit falsehoods concerning material facts necessary to the determination of probable cause. Id. at 155-56. If the defendant establishes falsity by a preponderance of the evidence, the false statements will be stricken from the affidavit and the court will determine whether the information remaining in the affidavit is sufficient to support a finding of probable cause. Id. Courts have employed the Franks analysis in § 1983 claims for Fourth Amendment violations. Jones v. Town of Seaford, Del., 661 F.Supp. 864, 873 (D.Del.1987) (citing Krohn v. United States, 742 F.2d 24, 26 (1st Cir.1984)).

The Supreme Court has found that the impoundment and inventory search of a vehicle pursuant to standard criteria of "reasonable police regulations" does not run afoul of the Fourth Amendment prohibition of unreasonable searches and seizures. Colorado v. Bertine, 479 U.S. 367, 368-69 (1987). Furthermore, police may seize a car without a warrant if there exists probable cause to believe the car contains evidence of a crime. Acevedo v. California, 500 U.S. 565, 579 (1991); California v. Carney, 471 U.S. 386, 394 (1985). The role of a court reviewing a

17

determination of probable cause is to ensure that there was a "substantial basis" for concluding that probable cause existed based on the totality of the circumstances known to the officer at the time.  See Massachusetts v. Upton, 466 U.S. 727, 728 (1984) (per curiam); Illinois v. Gates, 462 U.S. 213, 238 (1983).

Here, Plaintiff's bald and conclusory assertion that the seizure and search of his automobile were "illegal," unsupported by any facts regarding the circumstances of the search and impoundment, is insufficient to state a claim.

C.    The Double Jeopardy Claim

Plaintiff asserts that the filing of the second set of charges against him put him in "double jeopardy" in violation of the Fifth Amendment.[4]

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amendment V.  The Double Jeopardy Clause "protects against three distinct abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction; and multiple punishments for the same offense." United States v. Halper, 490 U.S. 435, 440 (1989).

---

[4] The Double Jeopardy Clause of the Fifth Amendment ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb") applies to the states through the Fourteenth Amendment.  See Myrie v. Comm'r, N.J. Dept. of Corrections, 267 F.3d 251, 255 n.1 (3d Cir. 2001).

"The protections afforded by the Clause are implicated only when the accused has actually been placed in jeopardy.  This state of jeopardy attaches when a jury is empaneled and sworn or, in a bench trial, when the judge begins to receive evidence." United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977) (citations omitted).  Here, Plaintiff has alleged only that multiple charges arising out of the same criminal conduct were filed against him in two jurisdictions - a municipal court and a county court - a few days apart, and that one of those charges was dropped a few days later (for unspecified reasons). These allegations are not sufficient to state a claim for violation of Plaintiff's right not to be twice placed in jeopardy for the same crime.

Moreover, the Court has noted that Plaintiff has been convicted during the pendency of this action.  To the extent the Complaint could be construed to assert a challenge to the validity of that conviction, such a claim is premature.

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to

19

compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding.  Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.

> Thus, when a state prisoner seeks damages in a § 1983
> suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if
> it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.  But if the
> district court determines that the plaintiff's action,
> even if successful, will <u>not</u> demonstrate the invalidity
> of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in
> the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that
"a § 1983 cause of action for damages attributable to an
unconstitutional conviction or sentence does not accrue until the
conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

     "Considering <u>Heck</u> and summarizing the interplay between
habeas and § 1983 claims, the Supreme Court recently explained
that, 'a state prisoner's § 1983 action is barred (absent prior
invalidation) - no matter the relief sought (damages or equitable
relief), no matter the target of the prisoner's suit (state
conduct leading to conviction or internal prison proceedings) -
<u>if</u> success in that action would necessarily demonstrate the
invalidity of the confinement or its duration.'"  <u>Williams v.</u>

<u>Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v.</u>
<u>Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original).

Thus, to the extent the Supplemental Amended Complaint could
be construed as asserting a "double jeopardy" challenge to
Plaintiff's conviction, success on such a claim would necessarily
demonstrate the invalidity of Plaintiff's conviction, so has not
yet accrued.

D.    <u>Request for Criminal Prosecution of Defendants</u>

In his prayer for relief, Plaintiff asks this Court to
prosecute the defendants.

Authorities are in agreement, however, that the submission
by a private party of a civil rights complaint, or a purported
criminal complaint, in federal court is not the appropriate
manner in which to initiate criminal proceedings.

> A private person may not prosecute a federal
> criminal complaint.  Prosecution of a federal crime is
> the prerogative of the United States through the
> attorney general and his delegates, the United States
> attorneys.  28 U.S.C. § 516 ("Except as otherwise
> authorized by law, the conduct of litigation in which
> the United States, an agency, or officer thereof is a
> party, or is interested, and securing evidence
> therefor, is reserved to officers of the Department of
> Justice, under the direction of the Attorney
> General."); <u>The Confiscation Cases</u>, 74 U.S. 454, 457
> (1868) ("Public prosecutions, until they come before
> the court to which they are returnable, are within the
> exclusive direction of the district attorney, [...]");
> ...; <u>United States ex rel. Savage v. Arnold</u>, 403
> F.Supp. 172, 174 (E.D. Pa. 1975); <u>United States v.</u>
> <u>Panza</u>, 381 F.Supp. 1133, 1133-35 (W.D. Pa. 1974)
> (reciting history of rule); ... .

Peters v. Beard, 2006 WL 2174707 (M.D. Pa. June 13, 2006) (Report and Recommendation) (citations omitted), adopted by, 2006 WL 2175173 (M.D. Pa. Aug. 1, 2006).  See also Higgins v. Neal, 52 F.3d 337, 1995 WL 216920 (10th Cir. 1995) (unpubl.) (collecting cases); Caracter v. Avshalumov, 2006 WL 3231465 (D.N.J. Nov. 8, 2006) (collecting cases); Stoll v. Martin, 2006 WL 2024387 (N.D. Fla. July 17, 2006) (collecting cases).

Nevertheless, if a purported criminal complaint warrants action, a court may refer it to the United States Attorney for action.  Savage, 403 F.Supp. at 174.  The commencement of a criminal action is governed in part by Federal Rules of Criminal Procedure 3 and 4, which provide some guidance in determining whether a purported criminal complaint merits reference to the United States Attorney.  Rule 3 provides, "The complaint is a written statement of the essential facts constituting the offense charged.  It must be made under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer."  Rule 4 provides, in pertinent part, "If the complaint or one or more affidavits filed with the complaint establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it."

Here, Plaintiff's allegations are not sufficient to establish probable cause to believe that the defendants violated

any federal criminal statute.  This Court perceives no reason, on
the basis of the facts before it, to refer this matter to the
United States Attorney.

E.   <u>Pendent State Law Claims against Mr. Siewert</u>

Plaintiff alleges that Mr. Siewert gave false information about him to police, which he characterizes as an obstruction of justice.

Mr. Siewert is not a "state actor," so Plaintiff cannot proceed against him under § 1983.  Instead, the Supplemental Amended Complaint must be construed as attempting to assert some sort of state law tort claim against Mr. Siewert.

Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court <u>must</u> decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss the state law claim without prejudice.

V.  CONCLUSION

For the reasons set forth above, the Supplemental Amended Complaint will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[5]  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim for violation of the Fourth Amendment in connection with the seizure, search, and impoundment of his vehicle, the Court will grant Plaintiff leave to move to re-open and to file a second amended complaint <u>solely with respect to that claim</u>.[6]  It

_____

[5] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Supplemental Complaint with respect to the Fourth Amendment claims regarding his vehicle, he may file a motion to re-open this matter and to file a proposed second amended complaint.

[6] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  <u>Id.</u>  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  <u>Id.</u>

does not appear that Plaintiff could amend the Supplemental
Amended Complaint with respect to any other claims at this time.

    An appropriate order follows.

Anne E. Thompson
United States District Judge

Dated: 5/18/11