UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
MAR 27 2012
AT 8:30_____M
WILLIAM T. WALSH
CLERK

SANFORD WILLIAMS, JR.,

        Plaintiff,

        v.

SEAN P. HEBBON, et al.,

        Defendants.

Civil Action No. 09-2103 (AET)

**MEMORANDUM OPINION and ORDER**

**CLOSED**

    By Opinion and Order [25, 26] entered May 19, 2011, familiarity with which is presumed, this Court dismissed all claims[1] asserted in this action and granted Plaintiff leave to move to reopen this matter, attaching to any such motion a proposed second amended complaint detailing his Fourth Amendment claim regarding the alleged seizure, search, and impoundment of his automobile, <u>only</u>. The Order further provided that no additional opportunities to amend would be granted.

    This matter is again before the Court pursuant to Plaintiff's submission of (1) a Motion [33] and supporting briefs [35, 36, 37] to re-file supplemental amended complaint, which is, in essence a motion for leave to file an amended complaint regarding claims previously dismissed and new claims, other than the Fourth Amendment claim regarding the alleged seizure, search,

---

[1] The claims previously dismissed were claims for malicious prosecution, double jeopardy, a request for criminal prosecution of the defendants, and pendent state law claims against the complaining witness, as well as the Fourth Amendment search and seizure claim regarding the search of Plaintiff's vehicle.

and impoundment of Plaintiff's automobile; no proposed amended complaint is attached to the motion and supporting documents, consisting of a total of 168 pages; (2) a Motion [34] for an Order to Amend Supplemental Complaint, which is, in essence, a motion for leave to file an amended complaint asserting claims related to the seizure and search of Plaintiff's automobile, other previously-dismissed claims, and various new claims; no proposed amended complaint is attached to the motion which, with its other attachments, consists of 167 pages; (3) a Motion [38] for an order to add an additional defendant to Plaintiff's proposed supplemental amended complaint, which is a request to add claims against the New Jersey State Parole Board for events entirely unrelated to Plaintiff's arrest and prosecution on the attempted burglary and related charges that are the subject of Plaintiff's initial Complaint; again, no proposed amended complaint is attached to the Motion and supporting documents, consisting of a total of 60 pages; and (4) a Motion [40] for an order for a proposed amended complaint to correct any deficiencies pursuant to various local and federal rules of civil procedure, again related to new claims and claims previously dismissed and with respect to which Plaintiff was not granted leave to file an amended complaint; no proposed amended complaint is attached to the Motion and supporting documents, consisting of a total of 42 pages.

IT APPEARING THAT:

According to the attachments to his various Motions, since Plaintiff opened this matter challenging various aspects of his arrest and prosecution, Plaintiff has pleaded guilty to one count of Attempted Burglary in violation of N.J.S.A. 2C:5-1 (3rd degree), and one count of Criminal Mischief - Damage to Property, in violation of N.J.S.A. 2C:17-3a(1) (4th degree). He was sentenced to an aggregate term of imprisonment of four years. These convictions arose out of an attempt to burglarize a Video Corporation of America store in Franklin, New Jersey, on or about April 5, 2009.

Where, as here, a plaintiff has been granted leave to proceed in forma pauperis, a federal district court must dismiss, at the earliest practicable time, a complaint that fails to state a claim. See 28 U.S.C. § 1915(e)(2). Nevertheless, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

A district court may properly deny leave to amend, however, where the proposed amended complaint would be subject to dismissal. See, e.g., Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010).

In determining the futility of a proposed amendment, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6), accepting as true all factual allegations contained in the proposed amended complaint. See, e.g., Walls v. County of Camden, 2008 WL 4934052 at *2 (D.N.J. Nov. 13, 2008) (citing, inter alia, In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

This Court previously has determined that it would be futile to permit Plaintiff to amend his complaint with respect to any of the previously-dismissed claims, with the exception of the Fourth Amendment search-and-seizure claim related to the search of Plaintiff's automobile, which will be discussed more fully below. With respect to the other previously-dismissed claims, Plaintiff has not pointed this Court to any error of fact or law in its prior decision. Nor has Plaintiff asserted any new facts that would overcome the deficiencies previously noted with respect to those claims. Finally, the request to amend with respect to these claims goes beyond the scope of this Court's prior order. Accordingly, the various Motions will be denied insofar as they

seek leave to amend with respect to the previously-dismissed claims, other than the Fourth Amendment claim.

In addition, to the extent Plaintiff seeks to assert new claims, some against new defendants, such proposed amendment goes beyond the scope of this Court's prior Order and will not be permitted. Moreover, certain of the proposed new claims are not properly joined with claims related to events surrounding Plaintiff's arrest and prosecution. For example, Plaintiff seeks to assert claims against the New Jersey State Parole Board with respect to his parole proceedings. Such claims are not properly joined with claims related to Plaintiff's arrest and prosecution. See Fed.R.Civ.P. 18, 20; Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

With respect to the Fourth Amendment claim against Detective Sean Hebbon, related to the search of Plaintiff's car, the Court notes that the various motions and briefs do not comply with this Court's prior Order that any motion for leave to re-open and amend must be accompanied by a proposed second amended complaint. Nevertheless, this Court gleans from the several hundred pages of motions, briefs, and attachments, the following factual allegations regarding the seizure and search of Plaintiff's car.

Plaintiff alleges that, during his interrogation, Detective Hebbon asked Plaintiff for permission to search his car,

5

expressing that he would obtain a warrant if Plaintiff refused. Plaintiff consented to a search of his car and stated that it was parked in a commercial parking lot, because it had overheated. After consenting to the search of the car, Plaintiff asked to be present during the search and Detective Hebbon agreed.  Plaintiff remained in custody.

Detective Hebbon had the car towed to the police station where he searched it in Plaintiff's presence.  Plaintiff alleges that he was arrested at approximately 11:30 p.m. and that the car was towed to the police station approximately one hour later, thus, at approximately 12:30 a.m.  (Motion [34] at Page ID: 414-15.)  Plaintiff alleges that sometime thereafter he asked for the car to be released to his relatives, but that the car was not so released for several days, purportedly until a supervisor approved the release.[2]

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."

---

[2] Plaintiff asserts that there is a dispute as to whether Detective Hebbon found any evidence in the car tying Plaintiff to the alleged attempted robbery.

6

Warrantless searches are presumptively unreasonable and are thus prohibited unless they fall within a recognized exception. Among those exceptions are the "consent search" exception, see Schneckloth v. Bustamonte, 412 U.S. 218 (1973), and the "community caretaking" exception, see Cady v. Dombrowski, 413 U.S. 433 (1973).

Here, Plaintiff admits that he consented to the search of his vehicle and there is no suggestion, by Plaintiff's factual allegations or argument, that the consent was not knowing and voluntary. Thus, the only issue is the reasonableness of the removal of the car to the police station and its impoundment for several days. Plaintiff alleges that he asked to be present for the search, though he was in custody suspected of attempted burglary. The automobile, meanwhile, was parked, disabled, in a commercial parking lot and it was the middle of the night. Under those circumstances, it was not unreasonable for the police to have the car towed to the police station, rather than transporting Plaintiff to a parking lot in the darkness, to search the automobile. Plaintiff states that he had told the police the car was disabled; thus, in addition, there was the potential for it to become a nuisance. As Plaintiff desired to be present for the search, it was more reasonable to search the car at the police station. As it was the middle of the night, it made more sense to search the car at the police station rather

than in a public parking lot in the dark.  Finally, it was not unreasonable to retain custody of the car for a few days, to be certain there was no further evidentiary need for the car.[3]  Cf. Cardwell v. Lewis, 417 U.S. 583, 592-96 (1974) (where there is probable cause to search vehicle parked in commercial lot, it is reasonable to seize and impound the vehicle for close inspection at police station, based upon considerations of mobility of the vehicle and the need to post a guard to prohibit access to the vehicle; these considerations may be enhanced where suspect is attempting to obtain release of vehicle to relatives).

For all of these reasons, Plaintiff fails to state a claim for a violation of his Fourth Amendment rights based upon the impoundment of his automobile in connection with his arrest.  To the extent they seek leave to amend Plaintiff's complaint to assert such a claim, the Motions will be denied.

IT IS, therefore, on this 26th day of March, 2012,

---

[3] Plaintiff asserts that Detective Hebbon found nothing in the original search of the car, in Plaintiff's presence, but that the Detective later stated that he found rope in the car similar to the rope found at the scene of the attempted burglary.  Thus, Plaintiff's allegations suggest that there was a possibility that there was evidence in the car.

ORDERED that the Motions [33, 34, 38, 40] to re-open this matter and for leave to amend the Complaint are DENIED.

*/s/ Anne E. Thompson*
Anne E. Thompson
United States District Judge